**Lendina BIZHUTA, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE,[1] Respondent–Appellee.**

**No. 04–2257–AG.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

---

1. On March 1, 2003, the Immigration and Naturalization Service ceased to exist as an independent agency within the Department of Justice, and its functions were transferred to the Bureau of Immigration and Customs Enforcement and the Bureau of U.S. Citizenship and Immigration Services, both within the Department of Homeland Security. *See Kanacevic v. INS*, 448 F.3d 129 (2d Cir.2006).

Christian C. Nduka, Philadelphia, PA, for Petitioner.

Susan M. Knepel, Assistant United States Attorney for Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Milwaukee, WI, for Respondent.

Present RALPH K. WINTER and REENA RAGGI, Circuit Judges, and KENNETH M. KARAS, District Judge.[2]

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals ("BIA") order is DENIED.

Petitioner Lendina Bizhuta, a citizen of Albania, petitions for review of an April 6, 2004 order of the BIA affirming without opinion a January 24, 2003 decision of Immigration Judge ("IJ") Patricia A. Rohan denying Bizhuta's claims for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Asylum and Withholding of Removal*

To qualify for asylum, "a refugee must demonstrate past persecution or a well-founded fear of future persecution on account of 'race, religion, nationality, membership in a particular social group, or political opinion.' " *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 70 (2d Cir.2004) (quoting 8 U.S.C. § 1101(a)(42)). The standard for withholding of removal is higher, *see id.* at 71, requiring a showing that "it is more likely than not" that the applicant's "life or freedom would be threatened" on one of the enumerated grounds if she were returned to her native country. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (quoting 8 U.S.C. § 1231(b)(3)(A)).

Bizhuta claimed past persecution and a well-founded fear of future persecution based on her political opinion and membership in the Democratic Party of Albania. Specifically, Bizhuta claimed that the Albanian government failed to protect her from her abusive husband, a member of the Socialist party. In denying Bizhuta's application for asylum and withholding of removal, the IJ concluded that she had failed to meet "her evidentiary burdens of proof and persuasion." *See* IJ Decision at 6. To support this conclusion, the IJ referenced various inconsistencies among Bi-

---

**2.** The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

zhuta's asylum applications, her hearing testimony, and her documentary evidence. From these findings, we infer that the challenged ruling was based on an adverse credibility determination. *See generally Zhou Yun Zhang v. United States INS,* 386 F.3d at 75 nn. 9–10.[3]

Where, as here, the BIA summarily affirms the IJ's decision, we directly review the latter ruling, *see Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006), applying the substantial evidence standard, *see, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Pursuant to that standard, we accept "administrative findings of fact," including findings relating to credibility, as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We afford " 'particular deference' in applying the substantial evidence standard" to an IJ's credibility findings, "mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhou Yun Zhang v. United States INS,* 386 F.3d at 73 (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)). If credibility findings are based "on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 74 (internal quotation marks omitted).

■ Applying these principles to this case, we conclude that the IJ's adverse credibility determination is supported by substantial evidence. Notably, the IJ correctly identified a significant evidentiary inconsistency regarding Bizhuta's residence with her husband, a matter going to the "heart" of her persecution claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). In her initial asylum application, Bizhuta stated that she obtained a divorce shortly after the Democratic Party came to power in 1992, and that, in 1993, she and her son moved to another part of Albania, where "[f]or close to 4 years, [they] lived a good life." In her amended application and in her hearing testimony, however, Bizhuta claimed that, pursuant to the divorce decree, she was forced to live in the same house as her husband until 1997. The inconsistency was further highlighted by Bizhuta's divorce decree, which granted her custody of the couple's children and child support while awarding her husband visitation rights. Such a decree strongly suggests that Bizhuta and her husband lived apart following their divorce; it belies her claim that her divorce decree forced her to live with her husband until 1997.

To the extent Bizhuta attempted to explain these inconsistencies, upon review of the record, we cannot conclude that a reasonable factfinder was compelled to credit her account. *See generally Zhang v. United States INS,* 386 F.3d at 74 (holding that reviewing court may not hypothesize excuses for inconsistencies in testimony or explain away improbabilities); *see also Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 160 n. 13 (2d Cir. 2006) (noting that IJ need not "expressly parse or refute on the record each and every one of petitioner's purported expla-

---

**3.** Because Bizhuta did not complain either to the BIA or this court that the IJ's rulings failed explicitly to find her not credible, we deem any such claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

nations for testimonial inconsistencies or evidentiary gaps").

Insofar as the IJ noted Bizhuta's failure to provide corroborating evidence for certain aspects of her testimony, specifically, her husband's involvement in the Socialist party, her failure to make specific findings as to the availability of this evidence was not error in this case, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), because she did not find Bizhuta to be "otherwise credible," *Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d at 164. In any event, because Bizhuta provided statements from neighbors detailing her earlier marital problems, it was reasonable for the IJ to conclude that corroboration gaps were more a product of "oversight or neglect" rather than "unavailability." *Zhou Yun Zhang v. United States INS*, 386 F.3d at 78.

To the extent the IJ incorrectly identified an inconsistency regarding the whereabouts of Bizhuta's son in Albania, or drew an unsupported adverse inference from the fact that Bizhuta's husband is listed as the plaintiff in their divorce action, these errors do not undermine the adverse credibility determination supported by the other referenced evidence of material inconsistencies. In short, we can confidently conclude on the record before us that the IJ would reach the same decision even absent these errors. *See Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d at 159–60, 162.

For all these reasons, we deny Bizhuta's petition insofar as it challenges the denial of asylum and withholding of removal.

2. *CAT Claim*

Because Bizhuta does not challenge the denial of CAT relief in her brief to this court, we deem this issue waived. *See, e.g., Yueqing Zhang v. Gonzales*, 426 F.3d

at 546 n. 7 (deeming petitioner's argument abandoned where petitioner failed to discuss issue in appellate brief); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

The petition for review of the BIA's April 6, 2004 order is hereby DENIED.