118

Julianto Santoso TAN, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 05–3541–ag.

United States Court of Appeals, Second Circuit.

June 30, 2006.

David X. Feng, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Gina E. Brock, and Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: JAMES L. OAKES, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Julianto Santoso Tan, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Jeffrey Chase's pretermission of his asylum application and denial of his application for withholding of removal and for relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding under 8 U.S.C. § 1158(a)(2)(B) that an asylum application was untimely, or its finding under 8 U.S.C. § 1158(a)(2)(D) of neither changed nor extraordinary circumstances excusing the untimeliness. While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," the petitioner in this case has challenged only purely factual determinations and the agency's exercise of discretion. Therefore, the Court lacks jurisdiction to review the agency's denial of asylum. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 178–80 (2d Cir.2006).

An application for withholding of removal and for relief under the CAT is not subject to the one-year filing requirement for asylum. *See* 8 U.S.C. § 1158(a)(2)(B). This Court reviews the IJ's factual and credibility findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir. 2004). We review *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005).

Persecution is an extreme concept that does not include all treatment that we regard as offensive. *See Ai Feng Yuan v. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995)). The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222–23, 1985 WL 56042 (BIA 1985). This Court has explained that persecution must rise above mere harassment, but it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse may also fall within this category. *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004).

■ Here, substantial evidence supports the IJ's finding that Tan did not suffer past persecution. The IJ reasonably discounted the mistreatment that Tan experienced in junior high school as too remote in time and insufficient in severity to constitute past persecution. The record indicates that the events Tan described occurred in 1986, and that Tan's most unpleasant experience consisted of a slap in the face that drew blood, which he received after not providing five bullies with his lunch money. Moreover, the record supports the IJ's conclusion that the protection money charged by "local authorities" did not rise to the level of persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (recognizing that although economic deprivation may constitute persecution, an asylum applicant must offer some proof that he suffered a "deliberate imposition of substantial economic disadvantage").

■ In addition, isolated criminal attacks or acts of random violence do not constitute persecution. *Joaquin–Porras*, 435 F.3d at 181. The record supports the IJ's finding that the knife cut that Tan received when two men attempted to steal his motorcycle was an isolated criminal event, even if it was motivated by his Chinese ethnicity. Regardless of the motive, an attempted theft of property and a

cut on the arm by criminals does not constitute persecution where, as here, the police immediately pursued the criminals with the intent to prosecute them for assaulting Tan.

Finally, we reject Tan's argument that the IJ erred in failing to consider the record as a whole because the IJ did not directly address the State Department Report or newspaper clippings Tan submitted. Although an IJ must consider all of the evidence in the record that has probative value, he need not "enumerate and evaluate on the record each piece of evidence, item by item." *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 163 (2d Cir.2006).

Accordingly, Tan's petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.