**HUI MEI LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–1340–ag.

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

**986**

James Moore, New York, NY, for petitioner.

Sheldon J. Sperling, United States Attorney, Eastern District of Oklahoma, Gor-

don B. Cecil, Assistant United States Attorney, Muskogee, OK, for respondent.

Present: ROGER J. MINER, ROSEMARY S. POOLER, and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Mei Li, a native and citizen of the People's Republic of China, seeks review of an February 23, 2004, order of the BIA, affirming the August 21, 2002, order of immigration judge ("IJ") John Opaciuch, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Mei Li*, No. A. 77 353 864 (B.I.A. Feb. 23, 2004), *aff'g* No. A. 77 353 864 (Immig. Ct. N.Y. City Aug. 21, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"When the BIA agrees with the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decisions, we review both the BIA's and the IJ's opinions." *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006) (citing *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394–95 (2d Cir.2005)). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding, and must be valid grounds for disregarding an applicant's testimony." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations and citations omitted).

Both the BIA and the IJ erred in relying on the State Department report without considering contradictory background

evidence in the record as required by *Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004) ("[W]here a [State Department] report suggests that, *in general*, an individual in the applicant's circumstances would not suffer or reasonably fear persecution in a particular country, the immigration court may consider that evidence, but it is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence." (emphasis in original)). Here, in addition to assuming that the State Department report could be used to impeach Li's particular circumstances and testimony, the IJ and the BIA ignored other background materials that were consistent with Li's claim, particularly testimony before Congress regarding coercive enforcement of the family planning policy in China. [JA at 248–59].

A number of the IJ's factual findings also rely improperly on speculation. *See Secaida–Rosales*, 331 F.3d at 307 (a finding "based on flawed reasoning" is not supported by substantial evidence). For example, the IJ's conclusions with respect to the payment of a fine, the safety of Li's husband, and the ability of Li's husband to obtain documents are all speculative.

Finally, to the extent that the BIA relied on Li's airport interview when it adopted and affirmed the IJ's credibility decision, such reliance was inappropriate because the BIA failed to evaluate the reliability of the airport interview. *See Ramsameachire*, 357 F.3d at 180.

We remand, because we cannot say with confidence that the agency would reach the same result in the absence of these errors. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 402 (2d Cir.2005).

Accordingly, the petition for review is **GRANTED,** the decision of the BIA is **VACATED,** and the case is **REMANDED** for further proceedings consistent with this order. Having completed our review, the stay of removal previously granted is **VACATED.**