**Juljan FEJZOLLI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2384–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Oleh R. Tustaniwsky, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Linda Julin McNamara, Assistant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Juljan Fejzolli, a native and citizen of Albania, seeks review of an April 25, 2006 order of the BIA affirming the December 13, 2004 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's applications for asylum, with-holding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juljan Fejzolli a.k.a. Simone Sala a.k.a. Julian Fejzolli,* No. A97 484 808 (B.I.A. Apr. 25, 2006), *aff'g* No. A97 484 808 (Immig. Ct. N.Y. City Dec. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts and supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). While the grounds for reversal are "very narrow," *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006), we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401–02 (2d Cir.2005). We will not remand, however, if we can confidently predict that the agency would adhere to its prior decision in the absence of error. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). The Court reviews questions of law and the application of law to fact *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Although the IJ did not discuss the incident involving the June 2001 elections and Fejzolli's subsequent detention after he raised his voice at the polling station, accusing some people of voting more than once, this event does not rise to the level of persecution on its own and nothing in the record connects it to any of

the other harms Fejzolli claims to have suffered. The IJ did consider, cumulatively, the other incidents that Fejzolli claimed amounted to persecution and reasonably found that Fejzolli failed to connect these acts to a protected ground under the Immigration and Nationality Act ("INA"). In reaching his decision, the IJ considered Fejzolli's claim that he was persecuted in Albania because (1) he was warned to be quiet after he complained to the police and the prosecutor that the "Arab" sheik, who had been convicted and sentenced for twenty years for the murder of Fejzolli's friend, should not have been released from custody so soon after having received his sentence; (2) after Fejzolli confronted the sheik and yelled at him, he was taken away to a police station where he was slapped and kicked in the stomach; (3) friends told Fejzolli's father that some people had threatened to burn the family house; and (4) the family house was subsequently burned.

On appeal, Fejzolli portrays these events as persecution on account of political opinion because he made "repeated protests and accusations to the police[ ] regarding their corruption in releasing and accepting bribes from the murderer of his friend." Even accepting this characterization of his inquiries (a strained reading of the record at best), Fejzolli has not shown that his opposition to the government's handling of his friend's murder "had a political dimension," or in other words, that it "represent[ed] a challenge to the legitimacy or authority of the ruling regime" as opposed to "a challenge to isolated, aberrational acts of greed or malfeasance." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir.2005).

Because Fejzolli failed to demonstrate that the alleged persecution he suffered was on account of a protected ground under the INA, he necessarily failed to establish eligibility for asylum or withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3); 8 C.F.R. § 1208.16(b)(1). And because Fejzolli did not raise his CAT claim before the BIA, we are precluded from reviewing it on appeal. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED insofar as it challenges the denial of petitioner's CAT claim and DENIED insofar as it challenges the denial of his claims seeking asylum and withholding of removal. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.