**GUO DONG WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2852–ag.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2006.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Jesse Bless, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. THOMAS J. MESKILL, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Guo Dong Wang, a native and citizen of China, seeks review of a May 24, 2006 order of the BIA affirming the February 14, 2005 decision of Immigration Judge ("IJ") Sarah Burr, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Guo Dong Wang*, No. A 79 400 213 (BIA May 24, 2006), *aff'g* No. A 79 400 213 (Immig. Ct. N.Y. City February 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the IJ's decision rests on multiple alternative grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). We review de novo IJs' findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact. *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006).

■ Substantial evidence supports the IJ's conclusion that Wang failed to demonstrate that he was mistreated in such a severe manner as to establish persecution; and that inability to attend college does not constitute persecution. The IJ observed that Wang had never been arrested, detained, or physically harmed in China. *See Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir.2006) (persecution does not encompass all treatment that society regards as unfair, unjust, or even unlawful or unconstitutional). Wang contends that the government's refusal to let him take the college entrance exams was a form of economic persecution because (though an honor student) he was thus barred for life from attending college. This showing does not amount to "deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

■ Substantial evidence supports the determination that Wang lacks a well-founded fear of future persecution; he spoke against the Chinese government on only one occasion, and the authorities evidently stopped looking for him in February 2002. Background materials showing that the Chinese government does not tolerate dissenting views, do not support an inference that he would fear harm from the Chinese government.

Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

Wang has not challenged the IJ's denial of his CAT claim in his brief to this Court.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).