**Boubacar DIALLO, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 05–6042–ag.

United States Court of Appeals,
Second Circuit.

Dec. 29, 2006.

Matthew J. Harris, of counsel to Eric A. Wuestman, New York, NY, for Petitioner.

Alonzo H. Long, Assistant United States Attorney, for David E. Nahmias, United States Attorney for the Northern District of Georgia, Atlanta, GA, for Respondents.

Present: Hon. WILFRED FEINBERG, Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Boubacar Diallo petitions for review of the BIA's decision affirming the decision of the Immigration Judge ("IJ") and challenges the denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA adopted and affirmed the IJ's decision while adding an additional ground on which it found the petitioner incredible. We therefore review the IJ's decision as

supplemented by the BIA. *See Ming Xia Chen v. B.I.A.*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). While our review is deferential, "when a credibility determination analyzing testimony is based on flawed reasoning, it will not satisfy the substantial evidence standard." *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003).

The IJ did not err in finding it implausible that Diallo could enter the United States using the passport of a fourteen-year-old. While the record did not contain a picture of the teen in question, the IJ saw petitioner and could determine that he could not pass for fourteen. Furthermore, the BIA did not err in discounting Diallo's testimony that he used the passport when he was young and "not big," as he testified only two years before his merits hearing. Finally, the additional documents petitioner points to only establish that a person by the name of Saifoulaye Talibe Diallo entered the United States on the date in question and do nothing to establish that petitioner was that person.

In making an adverse credibility determination, the IJ also pointed to the date the petitioner's ID card was issued which coincides with the time that petitioner testified he was in prison. While petitioner provided an explanation for this seeming discrepancy, the IJ and the BIA discounted petitioner's explanation. Though "the IJ is not required to credit [petitioner's] explanation, the IJ is required to present specific, cogent reasons for rejecting it." *Zhi Wei Pang v. Bureau*

*of Citizenship and Immigration Servs.*, 448 F.3d 102, 108 (2d Cir.2006). We have remanded where the IJ rejected petitioner's explanation without any reasoning. *See Li Zu Guan v. I.N.S.*, 453 F.3d 129, 140–41 (2d Cir.2006). Here, petitioner's explanation was plausible on its face and neither the IJ nor the BIA explained why they rejected petitioner's explanation. Furthermore, this is the sole inconsistency noted by the BIA or IJ that goes to whether Diallo was detained and beaten, the central issue in his claim. The BIA's determination that petitioner's account was "not convincing," without any explanation as to why it is unconvincing, cannot support an adverse credibility determination.

We note, too, that the BIA seems to have misread the date of Diallo's passport. It is dated "10/02/2003," and this is correctly read as February 10, 2003, not October 2003, as the BIA found. Because the BIA misread the record in stating that the passport was issued in October 2003, this cannot be a ground for an adverse credibility determination. *See Zhou Yun Zhang*, 386 F.3d at 74.

We turn, finally, to the inconsistency between the birth date on petitioner's passport and the birth date on his UPR membership card—an inconsistency first noticed by the BIA. Because Diallo's age is not directly relevant to his claim, *see Li Zu Guan*, 453 F.3d at 140 n. 13, this is only a minor inconsistency. The IJ was therefore required to give petitioner "the opportunity to respond to this perceived inconsistency." *Id.* Because this error was first noted by the BIA, the petitioner was not given an opportunity to explain the distinction between the birth dates, so this inconsistency cannot be used to support an adverse credibility determination. It is troubling when the BIA affirms an adverse credibility determination on the basis of

minor inconsistencies that were not noted by the IJ in the first instance.

In conclusion, the BIA erred in several respects: it discounted, without reason, petitioner's explanation for the date on his ID card; it misread the record in pointing to the date of his passport; and it relied on a minor inconsistency regarding his date of birth without giving petitioner the opportunity to resolve the inconsistency. While we recognize that substantial evidence supports the IJ's determination that petitioner could not have entered the United States on the passport of a fourteen-year-old, we are not "confident" that the IJ or BIA would have reached the same result in the absence of these errors. In particular, remand is appropriate because if petitioner's explanation for the date of his ID card is credited, there are no inconsistencies that go to the heart of his claim. *Cf. Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir. 2006).

Petitioner also argues that we should hold that he has met his burden of proving that he qualified for withholding and CAT relief. As these questions were not addressed by the IJ or BIA, on remand, if petitioner is found credible, the BIA should determine in the first instance whether Diallo's claims qualify for CAT relief or withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004); 8 U.S.C. § 1231(b)(3)(A).

For the foregoing reasons, the petition for review is **GRANTED** and the decision of the Board of Immigration Appeals is **VACATED** and **REMANDED**. Having completed our review, the stay of removal previously granted in this petition is **VACATED** as moot.