**Ming Xia CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–41012.

United States Court of Appeals, Second Circuit.

Submitted: Dec. 12, 2005.

Decided: Jan. 12, 2006.

John Z. Zhang, New York, N.Y., submitted a brief for Petitioner.

Alice H. Martin, U.S. Atty., Jenny L. Smith, Asst. U.S. Atty., Birmingham, Ala., submitted a brief for Respondent.

Before: NEWMAN, WESLEY, and HALL, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

On this petition for review of a decision of the Board of Immigration Appeals ("BIA") we consider (1) the scope of review when the BIA adopts the opinion of the immigration judge ("IJ") and also issues its own brief opinion, and (2) whether an IJ's findings that portions of an asylum applicant's testimony are implausible may provide support for an adverse credibility determination. Ming Xia Chen petitions for review of the BIA's October 3, 2003, decision affirming an IJ's denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"). Since the BIA adopted the decision of the IJ and the BIA's opinion did not conflict with nor reject any part of the IJ's decision, we review the BIA and the IJ decisions together, and deny the petition because the finding of lack of credibility was reasonably based in part on implausible aspects of Chen's testimony.

Background

An IJ held a hearing on the merits of Chen's applications for asylum and withholding of removal under the INA and CAT. Chen, the only witness, testified that she lived in Fuzhou City, a city with a population of approximately one million. One day Chen's aunt, who lived four hours away by car, called to ask if she could live with Chen in order to evade birth control cadres and their eventual discovery of the aunt's pregnancy with a third child, which would result in a forced abortion. The next day, the aunt came to live with Chen and her roommates. One week later, birth control cadres came to Chen's apartment looking for her aunt. Although the cadres did not have Chen's address, she claimed that they were able to find her merely by looking in a neighborhood where young people live and work.

Chen testified that she briefly attempted to prevent the cadres from arresting her aunt, but they took the aunt away. Chen was also arrested for interfering with the cadres and taken to a detention center where she alleged that she was choked when she refused to admit that she had interfered with the authorities. After three days, she escaped, she claimed, when the guards were not paying attention. Chen also testified that, at the apartment, the cadres injured her aunt, causing a miscarriage, after which the aunt was forced to have an IUD insertion. However, Chen submitted a letter from her aunt stating that after the miscarriage the aunt was sterilized.

Chen made no claim that any requirements of China's family planning policy were enforced against her. She claimed to fear persecution solely because of the brief detention for interfering with her aunt's arrest.

The IJ denied Chen's asylum claim after finding her testimony lacking in credibility. In support of this finding, the IJ cited, among other things, the implausibility of her claims as to how the authorities were able to locate her and how she was able to escape from detention, and the inconsistency as to whether the aunt was subjected to an involuntary IUD insertion or was involuntarily sterilized. The IJ also concluded that, even if Chen's testimony was credible, she had not established past persecution or a well-founded fear of future persecution. In a short opinion, the BIA "adopted[ed] and affirm[ed]" the IJ's decision and added two sentences that agreed

with the IJ's finding that, even if Chen was credible, she had not established a basis for asylum eligibility.

## Discussion

 In immigration cases, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the agency's fact-finding under the substantial evidence standard. *See, e.g., Cao He Lin v. U.S. DOJ*, 428 F.3d 391, 400 (2d Cir. 2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), and where a denial of relief is based on a finding that a petitioner's application is not credible, our review is "highly deferential." *Zhou Yi Ni v. U.S. DOJ*, 424 F.3d 172, 174 (2d Cir.2005).

## I. The Decision(s) To Be Reviewed

 The BIA has employed different techniques in affirming IJ decisions, and the varying techniques affect the scope of our review. When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. DOJ*, 362 F.3d 155, 158 (2d Cir.2004). Similarly, when the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). When the BIA agrees with the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decisions, we review both the BIA's and the IJ's opinions. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394–95 (2d Cir. 2005). When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the

BIA." *Xue Hong Yang v. U.S. DOJ*, 426 F.3d 520, 522 (2d Cir.2005). Similarly, when the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's opinion as modified by the BIA. *See id.* When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. DOJ*, 413 F.3d 188, 191 n. 4 (2d Cir.2005).

 The pending case presents a slight variation on these techniques. Here, the BIA said, "We adopt and affirm the decision of the Immigration Judge" and then went on, in a one-paragraph opinion, to add two sentences. First, the BIA said that Chen's arguments "fail to persuade the Board that the Immigration Judge erred in determining that even if [Chen] testified credibly, she failed to establish a well-founded fear of persecution ...." Second, the BIA said, "[T]here is no persuasive objective evidence establishing that Chinese authorities remain interested in her due to her interference with government officials in the performance of their duties or her failure to pay the entire assessed fine." Since the BIA "adopt[ed] and affirm[ed]" the entirety of the IJ's decision, we may review that decision, and need not confine our review to the BIA's two alternative grounds for denying relief that proceeded on the "even if" assumption that Chen had testified credibly.

## II. Adverse Credibility Determination Based on Implausible Portions of Applicant's Testimony

Chen challenges the IJ's subsidiary findings that portions of her testimony were

implausible and the use of those findings in support of the ultimate finding that her testimony was not credible. When an IJ has supported an ultimate finding that an applicant's testimony was not credible by concluding that significant aspects of the testimony were implausible, the decisions of our Court have not been entirely consistent. For example, in *Jin Hui Gao v. U.S. Atty. Gen.*, 400 F.3d 963 (2d Cir.2005), we concluded that "the IJ had a supportable basis for finding aspects of [the applicant's] testimony inherently implausible and for concluding that these implausibilities further diminished [his] credibility." *Id.* at 964. And we have cited approvingly the BIA's view that an adverse credibility finding may be based on " 'inherently improbable testimony.' " *See Diallo v. INS*, 232 F.3d 279, 287–88 (2d Cir.2000) (quoting *In re S–M–J–*, 1997 WL 80984, 21 I. & N. Dec. 722, 729). On the other hand, we have also stated that "[a]bsent a reasoned evaluation of [an applicant's] explanations, the IJ's conclusion that his story is implausible was based on flawed reasoning," *Cao He Lin*, 428 F.3d at 403, and that the IJ must point to "valid," *Secaida–Rosales*, 331 F.3d at 311, or "specific, cogent," *Cao He Lin*, 428 F.3d at 400, reasons for rejecting an applicant's testimony and may not reject testimony based on "speculation," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

We do not find it surprising that some panels would readily accept an IJ's findings that testimony is implausible while others would reject these and other findings bearing on credibility for lack of adequate explanation by the IJ. The point at which a finding that testimony is implausible ceases to be sustainable as reasonable and, instead, is justifiably labeled "speculation," in the absence of an IJ's adequate explanation, cannot be located with precision. *Cf. Xiao Ji Chen v. U.S. DOJ*, 434 F.3d 144, 162 (2d Cir.2006) ("The strength of the error-free portions of an IJ's ultimate finding that will permit a panel to state with confidence that a remand would be futile cannot be precisely quantified."). With at least half of the judges of this Court reviewing petitions challenging denials of asylum every day,[1] it is inevitable that some findings of lack of credibility will be deemed supportable by one panel that would not pass muster in the view of another panel. For one panel, a finding of implausibility may seem entirely reasonable; for another, it may seem like speculation. We know of no way to apply precise calipers to all such findings so that any particular finding would be viewed by any three of the 23 judges of this Court as either sustainable or not sustainable. Panels will have to do what judges always do in similar circumstances: apply their best judgment, guided by the statutory standard governing review and the holdings of our precedents, to the administrative decision and the record assembled to support it. While the various statements made in the course of upholding or rejecting the adequacy of a particular finding are often helpful, they cannot become rigid rules of law that dictate the outcome in every case. In the somewhat similar context of reviewing bench trial findings of a district judge under the "clearly erroneous" standard, *see* Fed.R.Civ.P. 52(a), we have been authoritatively instructed to uphold a finding unless we are "left with the definite and firm conviction that a mistake has been committed," *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 855,

1. Under the Court's recently adopted Non–Argument Calendar procedure, four panels are each considering 12 petitions involving denial of an asylum claim every week, and one and sometimes two other panels are hearing argument in such cases on the Regular Argument Calendar.

102 S.Ct. 2182, 72 L.Ed.2d 606 (1982) (internal quotation marks omitted). We do not fashion legally binding sub-rules that purport to govern determination of when that generalized standard is met.

In the pending case, the IJ supported his finding that Chen's testimony lacked credibility in part by pointing to two claims that he considered implausible. First, he had difficulty believing that the authorities, lacking Chen's address, could quickly locate her in a city of one million people just by looking in a neighborhood where young people live. Second, he had difficulty believing that she could escape from detention just because her jailors were not paying attention. We think it entirely reasonable for the IJ to have considered these claims implausible without further explanation and to have relied on them, along with her demeanor and inconsistencies in her testimony, in making the ultimate finding that she was not a credible witness.

We need not consider the IJ's alternative ground that, even if Chen was credible, she had not established a well-grounded fear of persecution. The adverse credibility finding with respect to her asylum claim necessarily precludes her claim for withholding of removal, *see Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003), and, because Chen has not pursued on appeal her claim for relief under the CAT, that claim is forfeited, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

## Conclusion

Accordingly, the petition for review is denied. Having completed our review, any stay of removal that the Court previously granted in this petition is vacated, and any pending motion for a stay of removal in this petition is denied as moot. Any pending request for oral argument in this petition is denied in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).