**Alhassane DIAOUNE, Petitioner,**

v.

**Edward J. MCELROY, District Director of Bureau of Immigration and Customs Enforcement, Department of Homeland Security, Respondents.**

**No. 04–0757–AG.**

United States Court of Appeals, Second Circuit.

Feb. 24, 2006.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Thomas Burton Thompson, Assistant U.S. Attorney for Donald W. Washington, United States Attorney for the District of Louisiana, Lafayette, LA, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. CHRISTOPHER F. DRONEY,* District Judge.

## SUMMARY ORDER

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 24th day of February, two thousand and six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Alhassane Diaoune, a native and citizen of Guinea, appeals the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ") finding that petitioner submitted a frivolous application within the meaning of 8 U.S.C. § 1158(d)(6). Petitioner does not challenge, on appeal, the IJ's denial (on adverse credibility grounds) of his asylum application. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented in the petition for review, which we reference only as necessary to explain our decision.

In this case, both the IJ and the BIA concluded, emphasizing somewhat different reasons, that petitioner deliberately fabricated material parts of his asylum application. See 8 U.S.C. § 1158(d). Regulations provide that an application may be deemed frivolous if "any of its material elements is deliberately fabricated," and that such a finding "shall only be made if the [IJ or BIA] is satisfied that the applicant, during the course of the proceedings ... had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 208.20. Where, as here, the BIA agrees with the IJ's conclusion, but "emphasizes particular aspects of the IJ's decisions, we review both the BIA's and the IJ's opinions." See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006).

In the case before us, there was incontrovertible evidence that petitioner, in his application and during his asylum hearing, presented fabricated accounts of his persecution, submitted false documentation to bolster his application, and could not plausibly reconcile any of a number of significant inconsistencies in his narrative. In accordance with the statute, see § 1158(d)(4), the IJ warned petitioner in advance of the consequences of filing a frivolous application. In addition, petitioner had sufficient opportunity during testimony to address the patent and material

---

* The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

inconsistencies and the plainly fabricated documentation. Under the circumstances, we conclude that the IJ and BIA did not err in finding petitioner's application frivolous under § 1158(d)(6).

We have considered all of petitioner's arguments and find them to be without merit. Accordingly, the petition for review is DENIED.