**JIN–XI WANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

No. 04–5626–ag.

United States Court of Appeals, Second Circuit.

Sept. 8, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Jisheng Li, Honolulu, HI, for Petitioner.

Michael G. Heavican, United States Attorney, (Kimberly C. Bunjer, on the brief), United States Attorney's Office for the District of Nebraska, Omaha, NE, for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin–Xi Wang, a native and citizen of the People's Republic of China, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming a decision by Immigration Judge ("IJ") Helen Sichel denying petitioner's application for asylum and withholding of removal. *See In re Jin–Xi Wang,* No. A 73 641 898 (B.I.A. Sept. 28, 2004), *aff'g* No. A 73 641 898 (Immig. Ct. N.Y. City Apr. 28, 2003).

Petitioner claims on appeal that the IJ's adverse credibility determination was not supported by substantial evidence. The IJ based the adverse credibility determination principally on her observations that petitioner (1) had a "marked lack of knowledge of the contents of the flyers" he claimed to have distributed in China; (2)

lacked knowledge of the "workings of the organization" with which he claimed to have been affiliated; (3) provided no written documentation of his academic performance or his suspension from school; and (4) presented documents that are noted in State Department reports to be subject to widespread fabrication and fraud.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly as the final agency determination. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 156–58 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ After reviewing the record and the IJ's reasons for denying asylum eligibility, we are left uncertain whether the adverse decision was properly reached. Several circumstances combine to create our uncertainty. First, the IJ found that it was "completely implausible" that petitioner's high school would not have issued a written notice of his suspension, yet there was no evidence indicating either that such a notice was issued and available or that it was not.

■ Similarly, the IJ concluded that it was "reasonable to assume" that petitioner's high school report cards dating back more than ten years would be available as corroborating evidence, but there is no evidence that such cards are or are not available.

■ Moreover, the IJ stated that petitioner had shown a "marked lack of knowl-edge of the contents of the flyers" he claimed to have distributed, but Petitioner directly stated in response to a question posed on direct examination before the IJ that the content of the flyers involved human rights and that they encouraged people to seek human rights. No further specific questions were posed to petitioner regarding the subjects contained in the flyers. Moreover, petitioner never asserted in his testimony that he had knowledge of the workings of the political organization and specifically stated that he was not "involved in the inside work" but "only engage[d] in the distribut[ion] of flyer[s]."

■ The IJ did not err in relying upon (1) the potential discrepancy between petitioner's statement on his asylum application that "*we* gathered information on China's political condition" and his later testimony that he did not personally gather any such information; and (2) the information contained in the State Department's country report for China regarding the reliability of documents such as those presented by petitioner. However, because we cannot confidently predict that these aspects of the IJ's decision would lead the IJ to reach the same conclusion absent the portions of the decision discussed above, *see Xiao Ji Chen*, 434 F.3d at 158, we will remand the case for further proceedings consistent with this decision. There will then be a basis for the IJ either to examine the relevant records, if produced on remand, or to more fully assess the significance of their non-production.

■ Finally, the IJ's observations that (1) ten years have elapsed since petitioner's departure; and (2) petitioner's father had paid a bond to secure petitioner's release from detention are insufficient to rebut the presumption of a well-founded fear of future persecution that applies upon a showing of past persecution. *See Jin Shui*

*Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003) (requiring proof by "a preponderance of the evidence ... that a change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear is no longer well-founded") (internal quotation marks omitted).

Accordingly, the petition for review is **GRANTED,** the decision of the BIA is **VACATED,** and the case is remanded for further proceedings consistent with this opinion.