**XIU XIA ZHENG, Ke Kai Wang, Zhen Li Wang, Petitioners,**

v.

**Alberto R. GONZALES,[1] Immigration and Naturalization Service, Respondents.**

**Nos. 02–4319–ag(L); 02–4320–ag(Con); 02–4326–ag(Con).**

United States Court of Appeals, Second Circuit.

Nov. 29, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

18

Sunit K. Joshi, Sokol Braha, Joshi & Associates, P.C., New York, New York, for petitioners.

Michael J. Garcia, United States Attorney for the Southern District of New York, Patricia L. Buchanan, Sarah S. Normand, Assistant United States Attorneys, for respondents.

Present: ROGER J. MINER, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioners Xiu Xia Zheng, Ke Kai Wang, and Zhen Li Wang, natives and citizens of the People's Republic of China, seek review of three June 25, 2002, orders affirming the July 27, 1999, decision of Immigration Judge ("IJ") Alan L. Page, denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re *Xiu Xia Zheng*, No. A. 75 809 654 (B.I.A. June 25, 2002), *aff'g* No. A. 75 809 654 (Immig. Ct. N.Y. City July 27, 2001); *In re Ke Kai Wang*, No. A. 75 809 655 (B.I.A. June 25, 2002), *aff'g* No. A. 75 809 655 (Immig. Ct. N.Y. City July 27, 2001); *In re Xing–Li Wang*, No. A. 72 503 352 (B.I.A. June 25, 2002), *aff'g* No. A. 72 503 352 (Immig. Ct. N.Y. City July 27, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination, *Ming Xia Chen v. Board of Immigration Appeals*, 435 F.3d 141, 144 (2d Cir.2006). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, "sustaining all findings that are supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Edimo–Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir.2006) (internal quotation marks omitted). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding, and must be valid grounds for disregarding an applicant's testimony." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations and citations omitted). "Where an applicant's testimony is generally consistent, rational, and believable,"

minor disparities "need not be fatal to credibility." *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

In this case, the IJ found Zheng's testimony not credible because of inconsistencies in two areas. First, the IJ stated that the reasons Zheng gave for failing to submit medical records in support of her claim differed depending on when she was asked the question. Second, he pointed out that Zheng's testimony was inconsistent regarding the number of fine notices she received in China.

With respect to the inconsistency regarding Zheng's medical records, the IJ's conclusion was based on a misunderstanding of the record. When initially asked whether she had records of her medical problems, Zheng testified that she did not have any medical records because she had thrown them away before she left China. Later, when asked whether she had made any efforts to obtain copies of those records since she came to the United States, Zheng stated that her mother had attempted to get copies from the hospital but was unable to do so because the doctor who treated Zheng had died. Thus while Zheng's answers to questions regarding medical records were different, this is because the questions themselves were different. Therefore, the IJ's conclusion that Zheng was inconsistent on this issue is not supported by the record.

With respect to the apparent inconsistency concerning the number of times Zheng was fined, this is at most a minor inconsistency that "need not be fatal to credibility," as Zheng's "testimony is generally consistent, rational, and believable." *Diallo*, 232 F.3d at 288. At the core of Zheng's claim is her credible testimony concerning the forced insertion of an IUD, the medical problems that arose as a result of the IUD, the removal of her IUD, and the subsequent demand that a new IUD be inserted. Thus any apparent inconsistency in Zheng's testimony on this point is insufficient to support an adverse credibility finding.

In her appeal to the BIA, Zheng failed to challenge the IJ's denial of her withholding claim. Zheng also failed to challenge her CAT claim and omitted any claim based on her fear of having left China illegally. This court therefore lacks jurisdiction to review the withholding claim or the CAT claim. *See Karaj v. Gonzales*, 462 F.3d 113, 119–121 (2d Cir. 2006).

Accordingly, the petition for review is **GRANTED,** the decision of the BIA is **VACATED,** and the case is **REMANDED** for further proceedings consistent with this order.