**Nfansoumane DIABY, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2129–ag.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Matthew J. Harris, Of Counsel to Eric A. Wuestman, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney, Michael Sady, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Nfansoumane Diaby, a native and citizen of Guinea, seeks review of an April 4, 2006 order of the BIA adopting and affirming immigration judge ("IJ") William Van Wyke's October 21, 2004 decision denying Diaby's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nfansoumane Diaby*, No. A97 977 211 (B.I.A. April 14, 2006), *aff'g* A97 977 211 (Immig. Ct. N.Y. City Oct. 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ determined that Diaby had presented impermissibly vague testimony, that certain aspects of his testimony were implausible, and that one aspect of his testimony was internally inconsistent. Based on these determinations, the IJ denied relief after concluding that Diaby was not credible. In reaching this conclu-

sion, the IJ exhibited admirable patience, and attempted to elicit relevant information from Diaby. However, the record is confusing; misunderstandings (due to difficulties with the interpreter) are evident. Accordingly, we conclude that substantial evidence does not support the IJ's adverse credibility finding. It is easy to understand how the IJ's findings could have been affected by a confused and muddled record. However, a close reading reveals some open questions that the IJ should be given an opportunity to reconsider.

The IJ concluded that it was implausible for Diaby to have acted as leader of a youth group or that he would not have been questioned about this leadership role when he and four fellow leaders were detained. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006). But much of Diaby's testimony explaining his involvement in the youth group is labeled "(indiscernible)." Therefore, we are unable to review the IJ's conclusion.

The IJ characterized Diaby's testimony regarding his activities at Rally for the People of Guinea ("RPG") meetings as "quite confused" and therefore concluded that it was unclear if Diaby ever actually attended the meetings. However, the record reveals that the confusion was due (at least in part) to the interpreter's translation of the word "card." Diaby testified that he handed out cards at the meetings. The IJ, based on the translation, reasonably understood this to mean that Diaby handed out membership cards. However, after working under this assumption for some time, Diaby finally explained that he was *not* describing membership cards or identification cards, but informational documents and leaflets. It is not clear from the record whether the IJ considered this explanation or clarification.

The IJ found "wholly unconvincing" Diaby's testimony regarding how New York RPG officials became aware of his experiences in Guinea. Diaby was certainly confused during cross examination on that subject. At one point he claimed that the officials learned about his experiences from newspaper articles, while at another point he claimed that he told them. However, on redirect, and with the aid of his attorney, Diaby clarified that he told the officials some of his experiences, and that they then verified his claims by referring to newspaper articles. The IJ noted Diaby's initial apparent contradiction but made no finding regarding Diaby's subsequent explanation on redirect.

Finally, the IJ made no adverse credibility finding bearing upon events that (if credited) could constitute persecution. Diaby testified in great detail about the conditions of his confinement and the circumstances of his initial arrest, including a beating at the hands of government agents. Furthermore, Diaby provided the names of the four other individuals allegedly arrested with him in 1998. Accordingly, we cannot be confident that the IJ would reach the same result on remand. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107–08 (2d Cir.2006) (citing *Cao He Lin,* 428 F.3d at 406, and *Xiao Ji Chen,* 434 F.3d at 161).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is DENIED as moot.