DONG WEI GAO, Petitioner,

v.

Alberto R. GONZALES, Respondent.*

No. 05–0493–ag.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2007.

* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Michael Brown (Thomas V. Massucci, on the brief), New York, NY, for Petitioner.

Norah Ascoli Schwarz, United States Department of Justice, Office of Immigration Litigation (Gregory F. Van Tatenhove, United States Attorney for the Eastern District of Kentucky, and Andrew Sparks, Assistant United States Attorney, Lexington, KY, on the brief), Washington, D.C., for Respondent.

Present: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.**

### SUMMARY ORDER

Dong Wei Gao, a citizen of the People's Republic of China, petitions for review of the January 6, 2005, BIA decision affirming the October 28, 2003, decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his applications for asylum, with-

holding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Dong Wei Gao,* No. A 95 920 998 (B.I.A. Jan. 6, 2005), *aff'g* No. A 95 920 998 (Immig. Ct. N.Y. City Oct. 28, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

██ While this Court is troubled by the IJ's failure to give Gao the opportunity to address and explain the discrepancy between his testimony that the village officials did not know he was an adherent of Falun Gong and his proffer of a village notice stating that he was wanted for practicing Falun Gong, *see Ming Shi Xue v. BIA,* 439 F.3d 111, 118 (2d Cir.2006) ("[B]ecause neither the IJ nor the government identified the concerns undergirding the IJ's credibility finding before the IJ announced them in his ruling, petitioner was deprived of an opportunity to address and explain the supposed discrepanc[y].""), we find that substantial evidence supports the IJ's adverse credibility determination.

The IJ noted that at his airport interview, Gao did not indicate that he was seeking political asylum for either being, or suspected of being, a Falun Gong member. That omission casts doubt on his testimony at the hearing that he had come to the United States to seek political asylum. While we noted in *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir. 2004), that an appellate court generally cannot meaningfully evaluate an adverse credibility determination involving a discrepancy between an airport interview and testimony at the hearing without a tran-

** The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, opened for signature Dec. 10, 1984, entered into force for the United States Nov. 20, 1994, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85, implemented by Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105–277, div. G, Title XXII, § 2242, 112 Stat. 2681–761, 2681–822 (codified at 8 U.S.C. § 1231 note (2000)).

script of the interview, Gao here confirmed on cross-examination at the hearing that he had not in fact mentioned anything about Falun Gong or asylum in his airport interview but instead had said that he came to the United States because he did not "make enough money in China." Moreover, the IJ rejected Gao's story of persecution and escape as implausible. We agree. While the IJ did not elaborate, in *Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006), we held that where the applicant's story itself is inherently implausible, "it [is] entirely reasonable for the IJ to have considered [petitioner's] claims implausible without further explanation and to have relied on them, along with her demeanor and inconsistencies in her testimony, in making the ultimate finding that she was not a credible witness."

█ Despite the error the IJ committed, we find no need to remand because, as noted above, we have determined that "(1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded." *Tu Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir.2006) (internal quotation marks omitted).

█ As to his CAT claim, because Gao has made only a conclusory statement regarding it, the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d at 545 n. 7.

For the reasons above, the petition for review is DENIED. Our review complete, the pending motion for a stay of removal in this petition is DENIED as moot.