Iso HODZIC, Talia Seimanjin, Samra Hodzic, Braho Hodzic, Petitioners,

v.

Alberto R. GONZALES [1], Respondent.

No. 04–4508–ag.

United States Court of Appeals, Second Circuit.

March 5, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Justin Conlon, New Haven, CT, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Fred T. Hinrichs, Assistant United States Attorney, Houston, TX, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Iso Hodzic, Talia Seimanjin, Samra Hodzic, and Braho Hodzic, natives of Yugoslavia and citizens of Montenegro, seek review of a July 23, 2004 order of the BIA adopting and affirming immigration judge ("IJ") Joseph Russelburg's June 10, 2003 decision denying Iso Hodzic's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Iso Hodzic, Talia Seimanjin, Samra Hodzic, and Braho Hodzic*, Nos. A95 462 647, A95 462 648, A95 462 649, A95 462 650 (B.I.A. July 23, 2004) *aff'g* Nos. A95 462 647, A95 462 648,

A95 462 649, A95 462 650 (Immigr. Ct. New York City June 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the IJ's decision rests on alternative grounds and the BIA adopts and affirms that decision without expressly addressing each ground, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). It reviews *de novo* the IJ's findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact. *Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281 (2d Cir.2006).

■ The IJ's determination that Hodzic was not eligible for relief based on the rape of his wife is dispositive. Hodzic's brief argues that the IJ erred in holding that the rape could not be considered in determining whether Hodzic had suffered past persecution. Hodzic cites *Matter of C–Y–Z–*, 21 I. & N. Dec. 915, 919 (BIA 1997), and various cases from other circuit courts indicating that persecution of family members could be taken into consideration when analyzing whether an applicant had suffered past persecution.

Hodzic's case is easily distinguished from *C–Y–Z–*, which discusses the ability of a person whose spouse has been forced to undergo an abortion or sterilization procedure to establish his own claim of past persecution on account of a political opinion.

Hodzic also cites to a Ninth Circuit case, *Lin v. Ashcroft*, 377 F.3d 1014 (9th Cir. 2004), arguing that the court implied that the BIA's holding in *C–Y–Z–* should be extended to persecution committed against other close family members. Petitioner's Brief at 49. However, *Lin* held that the applicant could establish a well-founded fear on account of his membership in a social group said to be composed of his immediate family, which the Chinese government had singled out under the family planning laws. 377 F.3d at 1029. Because the *Lin* Court was analyzing the "on account of" element of an asylum claim, and not the harm element, Hodzic's second argument is also unavailing.

Hodzic's case is also distinguishable from the Sixth Circuit case he cites, *Abay v. Ashcroft*, 368 F.3d 634 (6th Cir.2004). *Abay* noted that the BIA and other circuits had "suggest[ed] a governing principle in favor of refugee status in cases where a parent and protector is faced with exposing her child to the clear risk of being subjected against her will to a practice that is a form of physical torture causing grave and permanent harm." *Abay*, 368 F.3d at 642. Because that case focused on the particular protective relationship between a parent and child, Hodzic's argument that the principle should apply to him and his wife is without merit.

■ The agency correctly concluded that Hodzic did not suffer past persecution. In *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), the BIA interpreted past persecution to include "harm or suffering inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." Such harm must be severe. *Ai Feng Yuan v. DOJ*, 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society re-

gards as offensive")). Persecution must rise above mere harassment, but it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category. *Tian Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004). When determining whether an applicant has demonstrated persecution, the events are viewed cumulatively. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005).

■ Hodzic cites the rape of his wife as the most serious act of persecution against his family. In addition, he claimed that he was arrested, detained for 36 hours, and beaten in March 1999, and that he was hit with a stick three or four times on the upper arm. Here, the agency reasonably determined that Hodzic's brief detention, which did not result in severe or lasting harm, was not an independent basis on which he could claim past persecution. *See Tian–Yong Chen*, 359 F.3d at 128.

The agency's conclusion that Hodzic failed to establish his eligibility for asylum was thus supported, and a review of the IJ's adverse credibility determination is unnecessary.

■ Because Hodzic was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Moreover, because Hodzic presented no additional evidence indicating that he would likely be tortured upon return to Montenegro, the IJ appropriately determined that he did not establish his eligibility for CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-MISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).