Rodolfo Enrique LAZZO–RECINOS,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–3528–ag.

United States Court of Appeals,
Second Circuit.

March 29, 2007.

Anne Pilsbury, Central American Legal Assistance, Brooklyn, New York, for Petitioner.

Stephen J. Murphy, United States Attorney; J. Michael Buckley, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

10

## SUMMARY ORDER

Petitioner Rodolfo Enrique Lazzo–Recinos, a native and citizen of El Salvador, seeks review of a June 30, 2006 order of the BIA affirming the February 10, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Lazzo–Recinos's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rodolfo Enrique Lazzo–Recinos*, No. A 97 318 707 (B.I.A. June 30, 2006), *aff'g* No. A 97 318 707 (Immig. Ct. N.Y. City Feb. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA affirmed the IJ's denial of relief and agreed with several of the IJ's findings but, despite the fact that the IJ had made an adverse credibility determination, the BIA assumed the petitioner's credibility. When the BIA agrees with the IJ's conclusion and emphasizes particular aspects of the IJ's decision, this Court reviews both the BIA's and IJ's opinions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). Similarly, "when the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's opinion as modified by the BIA." *Id.* This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

An alien may demonstrate eligibility for asylum by establishing persecution either at the hands of the government or at the hands of a group that the government is unable or unwilling to control. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006). In either case, the alien bears the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 208.13(a).

■ The BIA conclusion that petitioner failed to demonstrate that the alleged harms were inflicted either by the government or by a group that the government is unwilling to control finds support in the record. Petitioner concedes in his reply brief that he does not fear harm by the government itself.

Instead, he testified that he does not trust the police in El Salvador. Similarly, his mother testified that the local government will not protect him because he belongs to the opposing party. Assuming the credibility of these witnesses, the IJ was not compelled to accept their subjective view of the ineffectiveness of government authorities where, as in this case, there is no evidence that petitioner or his family ever reported to government authorities any of the violent acts or threats they allegedly experienced at the hands of political opponents. Absent some evidence that the government was unable or unwilling to control the perpetrators of such acts, the BIA was entitled to conclude that petitioner had not met his burden of showing political persecution.

■ The petitioner does not challenge the agency's denial of CAT relief in this petition. Accordingly, we deem that claim waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).