**Jermia SUMILAT, Petitioner,**

v.

**Alberto R. GONZALES, as Attorney General of the United States; Michael Chertoff, as Secretary of the U.S. Department of Homeland Security; Julie**

Myers, as Assistant Secretary of the U.S. Department of Homeland Security; John P. Torres, Acting Director of Detention and Removal Office, Immigration and Customs Enforcement; Martin Ficke, as Special Agent–in–Charge of the New York Field Office of Immigration and Customs Enforcement; United States Department of Justice and United States Department of Homeland Security, Respondents.

No. 06–2110–ag.

United States Court of Appeals, Second Circuit.

April 18, 2007.

Lawrence Spivak, New York, NY, for Petitioner.

Alison Igoe, Office of Immigration Litigation, United States Department of Justice, Washington DC (Rodger A. Heaton, United States Attorney, and Hilary W. Frooman, Assistant United States Attorney, United States Attorney's Office for the Central District of Illinois, Springfield, IL, on the brief), for Respondent.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner, a native and citizen of Indonesia, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming a decision by Immigration Judge ("IJ") Sarah Burr denying petitioner's request for withholding of removal.[1] *See In re: Jermia Sumilat,* No. A 96 423 935 (B.I.A. Apr. 3, 2006), *aff'g,* No. 96 423 935 (Immig. Ct. N.Y. City Dec. 14, 2004). We assume the parties' familiarity with the facts and the procedural history of this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156–58 (2d Cir.2006); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004). We give "particular deference to the credibility determinations of the IJ." *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997).

On appeal, petitioner argues that the IJ erred in making an adverse credibility determination with respect to certain aspects of petitioner's testimony, and in concluding on the basis thereof that petitioner failed to establish his "life or freedom would be threatened ... because of race, religion, nationality, membership in a particular social group, or political opinion" if he were returned to his home country of Indonesia.

---

1. Petitioner also made claims for asylum and for relief under the Convention Against Torture before the Immigration Court. Nevertheless, petitioner concedes that those claims are not currently before this Court on appeal because (1) this Court lacks jurisdiction to review the IJ's refusal to consider his untimely asylum application, Pet'r's Br. at 7; and (2) petitioner did not exhaust his administrative remedies with respect to his CAT claim by appealing the IJ's denial of that claim to the BIA. Pet'r's Br. at 8, n. 2.

Petitioner claimed before the IJ that he would be persecuted by extremist Muslim groups in Indonesia on account of his Christian faith.

We conclude that substantial evidence supported the IJ's denial of petitioner's request for withholding of removal. In particular, the IJ's observations that (1) petitioner did not mention any of the claimed incidents of persecution in his original asylum application despite instructions from his lawyer to include any and all such incidents; (2) petitioner's father did not mention any incidents of persecution in his letter to the Immigration Court; and (3) according to the background materials provided, there was by 2003 a "sharp drop in Christian Muslim violence in Indonesia," all provide sufficient support for the IJ's negative credibility determination such that a reasonable fact-finder would not be "compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We have considered all of petitioner's arguments and find them to be without merit. Accordingly, the petition for review is **DENIED**.