SUMMARY ORDER

Petitioner Zhi Min He, a citizen of China, seeks review of an April 28, 2008 order of the Board of Immigration Appeals (“BIA”) adopting and affirming Immigration Judge (“IJ”) Robert D. Weisel’s August 4, 2004 decision denying He’s application for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”). In re Zhi Min He, No. A96 076 398 (B.I.A. April 28, 2008), aff'g No. A96 076 398 (Immig. Ct. N.Y. City Aug. 4, 2004). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the IJ’s decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As an initial matter, because He fails to raise before this Court any challenge to the agency’s denial of his CAT claim, or to the agency’s conclusion regarding past persecution we deem any argument on these issues waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
With respect to the agency’s conclusion regarding future persecution, we find no eiTor in the IJ’s determination that He failed to demonstrate a well-founded fear that he would be subject to persecution if he returned to China. See 8 U.S.C. § 1101(a)(42). A fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best.” Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). In this case, the IJ properly concluded that, because He’s father, who had also complained about the government’s offered purchase price for the family’s land, had been living in China without incident, He’s claim that he would face persecution if he returned to China was not objectively reasonable. Further, the IJ correctly noted that the local government had never purchased the land, and that He’s family continued to live in the same community where they lived during their disagreement with the govern *87 ment officials. He argues that these findings are irrelevant to his claim. To the contrary, however, they are material, as the basis for He’s claim was that the Chinese government would seek to persecute him for his opposition to its attempt to purchase his father’s land. That He’s father — the property owner — continued to live in the same area and did not suffer harassment, and that the Chinese government showed no intention of purchasing the land undermine He’s request for relief in this case. See, e.g., Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding no objectively reasonable fear of future persecution where the petitioner failed to offer direct evidence that she would be subject to persecution if she returned to El Salvador and where other members of her family had continued to reside there without incident). He offered no direct evidence that he would be subject to persecution if he returned to China. Thus, his fear of future persecution lacks the “solid support” in the record necessary for it to be objectively reasonable. Jian Xing Huang, 421 F.3d at 129.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).