MEMORANDUM **
Tajinder Singh petitions for review of the board of immigration appeals’s (“BIA”) order rejecting his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA affirmed the IJ’s decision without issuing an opinion, so “we review the IJ’s decision as the final agency determination.” Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006).
We review questions of law de novo and findings of fact for substantial evidence. Brezilien v. Holder, 569 F.3d 403, 404 (9th Cir.2009). “[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B). We will uphold the IJ’s credibility determination if it is “supported by a specific, cogent reason.” Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252. We deny Singh’s petition.
The facts of this case are known to the parties. We do not repeat them.
I
An alien seeking asylum must establish both a subjective and an objective fear of persecution through credible testimony. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). The IJ’s adverse credibility finding is well supported by the material inconsistencies and omissions in Singh’s testimony and documents. See Wang v. INS, 352 F.3d 1250, 1258-59 (9th Cir.2003). Singh points out no evidence in the record that compels a contrary result.
*869 II
Because Singh failed to establish his eligibility for asylum, he also failed to meet the higher burden required for withholding of removal. See Kumar v. Gonzales, 489 F.3d 520, 525 (9th Cir.2006).
III
The Convention Against Torture prevents the forcible return of “any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture.” Zheng v. Ashcroft, 332 F.3d 1186, 1188 (9th Cir.2003). The alien bears the burden of proving “that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.” 8 C.F.R. § 208.16(c)(2). Singh presents no additional evidence to support this claim and fails to meet his burden of proof. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003) (denying an alien’s claim under the Convention Against Torture when that alien relies on statements found to be not credible and offers no additional evidence).
DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.