09-0085-ag
*Li v. Holder*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of July, two thousand ten.

PRESENT:

>BARRINGTON D. PARKER,
>DEBRA ANN LIVINGSTON,
>DENNY CHIN,[*]
>>*Circuit Judges.*

ZHI GENG LI,
>*Petitioner*,

>v.

ERIC H. HOLDER, JR., Attorney General of the United States,
>*Respondent*.[**]

09-0085-ag
Summary Order

Matthew L. Guadagno (Jules E. Coven and Kerry W. Bretz, *on the brief*), Bretz & Coven, LLP, New York, NY, *for Petitioner*.

---

[*] At the time of oral argument, Judge Chin was a United States District Judge for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption to conform to the listing of the parties stated above.

Aimee Frederickson, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, Civil Division; Anthony W. Norwood, Senior Litigation Counsel; and Wendy Benner-León, Trial Attorney, *on the brief*), United States Department of Justice, Washington, D.C., *for Respondent*.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Geng Li ("Li"), a native and citizen of the People's Republic of China, seeks review of a December 9, 2008 order of the BIA affirming the May 23, 2006 decision of Immigration Judge ("IJ") Patricia A. Rohan, denying Li's application for asylum and petition for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and denying withholding of removal under the Convention Against Torture ("CAT"), but granting Li deferral of removal under the CAT. *See In re Zhi Geng Li*, No. A070 577 309 (B.I.A. Dec. 9, 2008), *aff'g* No. A070 577 309 (Immig. Ct. N.Y. City May 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's determinations and notes particular aspects of the IJ's decision, this Court reviews both the Board's and the IJ's opinions, including those portions of the IJ's decision not explicitly mentioned by the Board. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). When the petitioner's underlying claim involves the retroactive application of a statute, the Court reviews the Board's assessment of permissible retroactivity *de novo*. *Martinez v. INS*, 523 F.3d 365, 372 (2d Cir. 2008). Moreover, *Chevron* deference does not apply to an agency's determination of such matters, though it does apply to the Board's interpretation of the INA more generally. *See id.*

An alien is eligible for a discretionary grant of asylum if he is a refugee as defined by the INA. INA § 208(b)(1)(A), (b)(2); 8 U.S.C. § 1158(b)(1)(A), (b)(2).

> The term "refugee" means [*inter alia*] any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42). Aliens who have themselves participated in the persecution of others, however, may not be granted asylum as the result of the statutory "persecutor bar." *Id.* (indicating the term "refugee" excludes "any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion"); *see also id.* § 1158(b)(2)(A) (indicating that Attorney General may not grant asylum to alien if, *inter alia*, alien satisfies conditions of persecutor bar).

Prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), the BIA took the position that involuntary sterilizations and forced abortions constituted persecution only where the person subjected to such procedures was selected based upon one of the protected grounds of 8 U.S.C. § 1101(a)(42), such as the person's political opinion. *See In re Chang*, 20 I. & N. Dec. 38 (BIA 1989). Under the IIRIRA, however:

> [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program *shall be deemed to have been persecuted on account of political opinion* . . . .

8 U.S.C. § 1101(a)(42) (emphasis added). Thus, the law now provides that involuntary sterilization and forced abortion are persecution *per se*. *See, e.g.*, *Zhang Jian Xie v. INS*, 434 F.3d 136 (2d Cir. 2006).

In his petition for review, Li asserts that the IJ and BIA erred in denying his application for asylum on the basis of the persecutor bar, although he concededly participated in forced abortions

3

while working at a hospital in Guangzhou, China.  Petitioner's Br. at 18, 22-23.  Li contends that he would have been eligible for asylum under *Chang*, in effect at the time of his application, since he construes that precedent as making the motive of the participant in forced abortions dispositive as to whether the individual is a persecutor, and argues that he was always an unwilling participant in forced abortions.  Li asserts, moreover,  that he demonstrated reliance on pre-IIRIRA law by filing an application for asylum before IIRIRA's effective date, by thereby bringing himself to the attention of immigration authorities, and by forgoing other forms of relief that he might have pursued, such as seeking derivative status based on his wife's application for asylum.  On these bases, he argues, application of the amended persecutor bar to him is impermissibly retroactive.

In *Landgraf*, the Supreme Court established a two-part test for determining whether a statute should be regarded as having impermissibly retroactive effect.  In brief:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach.  If Congress has done so, of course, there is no need to resort to judicial default rules.  When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.  If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such result.

*Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994); *see also Martinez v. INS*, 523 F.3d 365 (2d Cir. 2008).  A statute, however, "[is not impermissibly retroactive] merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law." *Landgraf*, 511 U.S. at 269 (internal citation omitted).  Rather, "[t]he inquiry into whether a statute operates retroactively demands a commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment.'" *Martin v. Hadix*, 527 U.S. 343, 357-58 (1999) (quoting *Landgraf*, 511 U.S. at 270).  "The judgment whether

4

a particular statute acts retroactively should be informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations." *I.N.S. v. St. Cyr*, 533 U.S. 289, 321 (2001) (internal quotation marks omitted). Furthermore, this Circuit's precedent requires an immigration petitioner claiming impermissible retroactivity to demonstrate individualized, subjective reliance upon prior law, except in circumstances where "the record contain[s] sufficient objective evidence that aliens who engaged in a course of action like [the petitioner's] 'almost certainly' relied reasonably on the continued availability of . . . relief." *Wilson v. Gonzales*, 471 F.3d 111, 122 (2d Cir. 2006).

In this case, we need not address whether the current version of the persecutor bar applies retroactively, or decide the subsidiary question whether Li's purported conduct in reliance on the BIA's pre-IIRIRA precedent would be adequate to demonstrate impermissible retroactivity because, his contentions notwithstanding, the record does not indicate that Li would not have been barred as a persecutor even under the pre-IIRIRA standard. Li cannot establish, in other words, that the IIRIRA attached any "new legal consequences" to prior events in this case.

Li does not dispute that before an IJ applying the BIA's pre-IIRIRA precedent, he would have borne the burden of demonstrating that he was not a persecutor. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(a); 8 C.F.R. § 208.13(a) ("The burden of proof is on the applicant for asylum to establish that he or she is a refugee . . . ."); *id.* § 208.13(c)(ii) ("If the evidence indicates that [the asylum applicant was a persecutor], he or she shall have the burden of proving by a preponderance of the evidence that he or she did not so act."); *see also Xie*, 434 F.3d at 139. Li suggests that his testimony that he was always an unwilling participant in forced abortions would have immunized him from the persecutor bar under pre-IIRIRA law; that is, that because he was allegedly coerced by his hospital superiors into performing forced abortions, he could not have been responsible for the selective

application of forced abortions to, for example, political dissidents. In *Xie*, however, this Court, drawing on long-established precedent, rejected the contention that involuntary participation in persecution renders the persecutor bar of 8 U.S.C. § 1101(a)(42) inapplicable, at least where, as here, "the conduct was active and had direct consequences for the victims." *See* 434 F.3d at 140-43. Moreover, the statutory language examined in *Xie* was a part of the Immigration and Nationality Act long before the events at issue in this case. *See* Refugee Act, Pub L. No. 96-212, § 201(a), 94 Stat. 102 (1980). Li points to no other evidence in the record that could have satisfied his burden of demonstrating that he would not have been considered a persecutor under even the BIA's pre-IIRIRA standard, even though, during a previous remand to the IJ, he was expressly afforded the opportunity to present additional evidence in support of his petition, *see In re Zhi Geng Li*, No. A070 577 309 (BIA Dec. 7, 2005), an opportunity he declined. Accordingly, we can only conclude that the IIRIRA worked no impermissible retroactive effect upon Li in this case.

We have considered all of Li's other arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6