**XIU ZHEN PAN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–3117–ag.

United States Court of Appeals, Second Circuit.

March 23, 2007.

Gang Zhou, New York, N.Y., for Petitioner.

John Devaney, Assistant United States Attorney, (Neil B. Kirkpatrick, Assistant United States Attorney, on the brief), for David E. O'Meilia, United States Attorney, Northern District of Oklahoma, Tulsa, OK., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. WILLIAM K. SESSIONS III, District Judge.*

### SUMMARY ORDER

Petitioner Xiu Zhen Pan, a native and citizen of China, petitions for review of a May 25, 2004 order of the Board of Immigration Appeals ("BIA"), affirming Immigration Judge ("IJ") Alan A. Vomacka denying her application for asylum, withholding· of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Zhen Pan,* No. A. 76 526 313 (BIA May 25, 2004), *aff'g* No. A 76 526 313 (Immig. Ct. N.Y. City Jan. 3, 2003). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decisions below. When the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's opinion as modified by the BIA. *Ming Xia Chen v. Bd. of Immigration Appeals,* 435 F.3d 141, 144 (2d Cir.2006).

■ Pan argues that the agency erred in its assumption that her asylum claim would be defeated if the article she allegedly published on September 16, 2000 in the Fuzhou Evening Post was, in fact, not published. The BIA was correct, however, in rejecting this claim. Whether a person could make out a claim of asylum based on a fear of persecution from an article that she wrote, but did not publish, is besides the point. The only claim that *this* petitioner raised in her asylum application and in two hearings before IJs was that she feared persecution because of the publication of her article. Accordingly, the BIA did not err in finding that the petition would fail if the article was not published.

■ Before us, Pan argues for the first time that the IJ's decision was also erroneous under *Diallo v. INS,* 232 F.3d 279 (2d Cir.2000), because the IJ allegedly made its credibility determination solely on the basis of Pan's failure to provide corroborating evidence and failed to give proper consideration to her initial, found to be credible, testimony—before a different IJ prior to the reopening of the case for consideration of new evidence.

Given that Pan did not raise these arguments below, we do not in the ordinary course consider them. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104 (2d Cir.2007). And we decline to do so here. The BIA did not have the opportunity to consider the argument that the IJ's adverse credibility finding violated Diallo, and in reaching its conclusion to affirm the IJ's decision, the BIA explicitly relied on the fact that Pan had failed to raise any direct challenge to the basis upon which the IJ's adverse credibility finding rested. Moreover, Pan cannot make an argument for manifest injustice if we fail to reach the issue. *See Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 52–53 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

---

* The Honorable William K. Sessions III, United States District Court Judge for the District of Vermont, sitting by designation.

for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).