**YAN HUA LIN, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–5468–ag.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Allison Marie Igoe, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Hua Lin, a native and citizen of the People's Republic of China, seeks review of a November 6, 2006 order of the BIA affirming the June 9, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Hua Lin*, No. A 96 207 932 (B.I.A. Nov. 6, 2006), *aff'g* No. A 96 207 932 (Immig. Ct. N.Y. City, June 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As a preliminary matter, Lin does not challenge the agency's denial of her application for relief under the CAT based on her departure from China with the aid of a smuggler. Accordingly, we deem waived any challenge to the denial of CAT relief on that basis. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir. 2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal"). Similarly, because Lin has failed to challenge the agency's finding that she failed to demonstrate past persecution, we deem waived any such argument. *See id.*

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclu-sive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Substantial evidence supports the BIA's determination that, even assuming that Lin was a member of a protected social group, the evidence did not suggest a likelihood that she would be forced to marry her unwanted suitor, or be subjected to other harm that would rise to the level of persecution if she returned to China. To the extent that Lin anticipates that her unwanted suitor would perpetrate the same types of "harm" as he had in the past if she returned to China, the BIA's finding that the "constant" visits by Lin's unwanted suitor at her home and the spreading of rumors that she had been raped did not amount to persecution is supported by substantial evidence. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985). Additionally, the IJ accurately noted that Lin testified that she and her parents refused the suitor's offer of marriage, and that she believed forced marriages were illegal. *Cf. Hong Ying Gao v. Gonzales*, 440 F.3d 62 (2d Cir.2006).

■ The IJ properly declined to take notice of the 2004 State Department Country Report on Human Rights Practices for China ("Country Report"). It was Lin's burden to provide such evidence if she wanted it to be considered. 8 C.F.R. § 1208.13(a).

■ The record does not support the IJ's finding that Lin left China solely because her reputation was damaged by her unwanted suitor's having spread false ru-

mors about her. Lin testified that she feared that if she returned to China, her unwanted suitor would "continue to harm" and insist on marrying her, that she would have "no choice," and that there was "nothing" that she could do because the Chinese government refused to protect her. It is unclear whether the IJ considered this testimony despite her obligation to "consider all the evidence in the record that has probative value." *Xiao Ji Chen v. U.S.*, 471 F.3d 315, 341 (2d Cir.2006). Remand is nevertheless not required here because the agency's denial of Lin's asylum application rested on valid, alternative grounds. *See id.* at 339–40. The Court therefore need not reach the IJ's relocation finding.

■ Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and relief under the CAT, which shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). We therefore do not reach the IJ's additional findings.

We have considered the other arguments made by the petitioner and find them to be without merit. The petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.