**Michael Anthony McINTOSH,**
**Petitioner,**

v.

**INS, Paul D. Clement,[1] United States**
**Attorney General, Respondents.**

**No. 05–2807–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 5, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Paul D. Clement is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Michael Anthony McIntosh, pro se, Marcy, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Assistant United States Attorney, Dione M. Enea, Special Assistant United States Attorney, Brooklyn, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Michael Anthony McIntosh, a native and citizen of Jamaica, seeks review of the February 26, 2001 order of the BIA affirming the October 16, 2000 decision of Immigration Judge ("IJ") Mitchell Levinsky denying his application for relief under the Convention Against Torture ("CAT"). *In re Michael Anthony McIntosh*, No. A42 468 685 (B.I.A. Feb. 26, 2001), *aff'g* No. A42 468 685 (Immig. Ct. Fishkill Oct. 16, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

▮ The agency found McIntosh removable because of an aggravated felony conviction, and he has not challenged that determination before this Court. Therefore, we have jurisdiction over his petition for review only to the extent that he raises constitutional questions and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Mizrahi v. Gonzales*, 492 F.3d 156, 158 (2d Cir.2007). We reject the government's argument that McIntosh has not raised any

"questions of law" in his petition for review, because: (1) he challenges the agency's finding on the potential responsibility of the Jamaican government for any torture that might be inflicted on him; (2) we construe the briefs of *pro se* petitioners as raising the strongest arguments that they suggest, *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir.2002); and (3) the government acknowledges that the standard the agency applied in requiring McIntosh to show government "acquiescence" to torture is arguably in tension with this Court's interpretation of that standard in *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir.2004). The argument that the agency has applied an improper legal standard is a question of law, and therefore reviewable; we review this question *de novo*. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328–29 (2d Cir.2006). Because the BIA agreed with the IJ's reasoning, and emphasized some of the IJ's findings, we review both the IJ's and BIA's decisions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006).

To establish eligibility for CAT relief, an alien must establish that he is more likely than not to experience harm amounting to torture that will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The IJ and BIA both relied heavily on *Matter of S–V–*, 22 I. & N. Dec. 1306 (B.I.A.2000), to find that McIntosh failed to establish that the Jamaican government would "acquiesce" to any torture by the Jamaican Labour Party ("JLP"). However, to the extent that *S–V–* stands for the proposition that a showing of the government's inability to prevent torture is never sufficient to establish "acquiescence," it has been overruled by this and other circuits. *See Khouzam*, 361

F.3d at 170–71; *Silva–Rengifo v. Attorney Gen.,* 473 F.3d 58, 65–70 (3d Cir.2007); *Li Chen Zheng v. Ashcroft,* 332 F.3d 1186, 1196 (9th Cir.2003). This Court found in *Khouzam,* 361 F.3d at 171, that "[i]n terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." Accordingly, the agency's reliance on *S–V–* was erroneous.

Nevertheless, remand would be futile, because McIntosh presented no evidence, other than his own speculation, that the government was aware of any torture by the JLP. Critically, the background materials he submitted did not mention the violent conflict he described between the party he supported, the People's National Party ("PNP"), and JLP supporters. Therefore, even applying the correct definition of "acquiescence," there was no evidence in the record to suggest that the government, currently led by the PNP, would remain willfully blind to the abuse of one of its members by supporters of the opposition party.

For the foregoing reasons, the petition for review is DENIED. Petitioner's motions to vacate the order of dismissal and for appointment of counsel are DENIED as moot.