**Gezim CUPI, Petitioner,**

v.

**Peter D. KEISLER, Acting Attorney General,\* United States Department of Justice, Respondent.**

No. 06–5329–ag.

United States Court of Appeals, Second Circuit.

Oct. 26, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Daniel Lundy (Stephen Singer, on the brief), Barst & Mukamal, LLP, New York, N.Y., for Petitioner.

Ada Bosque, Attorney (Peter D. Keisler, Acting Attorney General, Christopher C. Fuller, Senior Litigation Counsel, John D. Williams, Attorney, on the brief), United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present: Hon. AMALYA L. KEARSE, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.**

## SUMMARY ORDER

Petitioner Gezim Cupi ("Cupi"), a citizen of Albania, seeks review of an October 24, 2006 order of the BIA, affirming the May 9, 2005 decision of Immigration Judge ("IJ") Robert Weisel, denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"), *In re Cupi*, No. A 96 453 452 (B.I.A. Oct. 24, 2006), *aff'g* No. A 96 453 452 (Immig. Ct. N.Y. City May 9, 2005).[1] We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

Where, as here, the BIA affirms the IJ's decision without adopting the reasoning of the IJ to any extent, we review only the decision of the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). Cupi principally contends that the BIA denied his right to due process when it took administrative notice of facts that supported a finding of changed country conditions in Albania. We agree and remand so that Cupi may have a chance to respond to those facts.

Aliens are entitled to due process and must be "afforded the opportunity to be heard at a meaningful time and in a meaningful manner." *Burger v. Gonzales*, 498

---

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1. *Cupi does not appeal from the denial of his asylum claim.*

F.3d 131, 134 (2d Cir.2007) (internal quotation marks omitted). Due process requires that "if the [BIA] intends to take administrative notice of potentially dispositive facts, it must warn a petitioner and provide the petitioner with an opportunity to respond before it ... enters a final order of removal on the basis of the administratively noticed facts." *Id.* at 132–33. Here the BIA took notice of facts related to political changes in Albania and relied on those facts at least to some extent in determining that Cupi had failed to carry his burden on his withholding and CAT claims. There is no evidence that Cupi was warned of the BIA's decision to notice those changes or given a chance to respond before the BIA entered an order of removal. We therefore remand so that Cupi may be afforded that opportunity.[2]

For the foregoing reasons, the petition for review is **GRANTED,** the decision of the BIA is **VACATED,** and the case is **REMANDED.** Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.

---

**2.** The government's arguments that *Burger* does not apply here because of the implementation of 8 C.F.R. § 1003.1(d)(3)(iv), because Cupi did not file a motion to reopen with the BIA, because the administratively noticed facts were not the sole basis of the BIA's decision, or because any error was harmless are all unavailing.

