Rito NILAJ, Petitioner,

v.

Michael B. MUKASEY,* Respondent.

No. 07–0153–ag.

United States Court of Appeals,
Second Circuit.

Jan. 28, 2008.

Alexander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, David Schor, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Rito Nilaj, a native and citizen of Albania, petitions for review of a December 19, 2006, BIA order denying his application for withholding of removal under the INA and the CAT. *In re Nilaj,* No. A 95 143 577 (B.I.A. Dec. 19, 2006) (per curiam), *aff'g* No. A 95 143 577 (Immig.Ct.N.Y.City, May 4, 2005). We as-

sume the parties' and counsel's familiarity with the facts and procedural history of this case and the scope of the issues presented by this petition.

We dismiss Nilaj's petition for lack of jurisdiction insofar as he seeks review of the IJ's denial of his asylum claim. Nilaj did not challenge the IJ's asylum decision in his appeal to the BIA, and we lack jurisdiction to review unexhausted claims. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

We have jurisdiction to consider Nilaj's claims for withholding of removal and CAT relief, but we deny his petition on the merits. We might be prepared to agree with Nilaj that some of the reasoning behind the IJ's adverse credibility finding was flawed. But where, as here, "the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA." *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). The BIA affirmed the IJ's adverse credibility finding but also held, in the alternative, that the record did not support Nilaj's claims for withholding of removal and CAT relief even if his testimony were considered credible. In *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391 (2d Cir.2005), we explained that remand is futile where "the adjudicator explicitly rested its conclusion on alternative grounds, one of which is sustainable." *Id.* at 395. Here, because substantial evidence supports the BIA's alternative holding that Nilaj did not meet his burden of proof with respect to withholding of removal or CAT relief, any errors in the IJ's credibility finding are immaterial.

"Withholding of removal, under either the INA or the CAT, requires a greater

* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

quantum of proof" than a claim for asylum. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 115 (2d Cir.), *reh'g en banc denied*, 489 F.3d 126 (2d Cir.2007). To obtain withholding of removal under the INA, "the applicant must make a showing that there is a clear probability of a threat to life or freedom on account of political opinion" or other protected ground. *Secaida–Rosales v. INS*, 331 F.3d 297, 306 (2d Cir.2003) (internal quotation marks and citations omitted). For CAT relief, the applicant must establish that " 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.' " *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir.2004) (quoting 8 C.F.R. § 208.16(c)(2)). Upon review of the record and arguments presented, we conclude that the BIA did not err in deciding that Nilaj did not carry those burdens.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DISMISSED in part and DENIED in part.