**XIU QIN BIAN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

**No. 07–2101–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 27, 2008.

Tina Howe, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Emily Anne Radford, Assistant Director, Nicole N. Murley, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Qin Bian, a citizen of the People's Republic of China, seeks review of a May 4, 2007 order of the BIA, affirming the November 30, 2005 decision of Immigration Judge ("IJ") Sandy Hom, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiu Qin Bian,* No. A78 863 149 (B.I.A. May 4, 2007) *aff'g* No. A78 863 149 (Immig. Ct. N.Y. City Nov. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). In this case, Bian does not meaningfully argue that she is entitled to either withholding of removal or CAT relief. Indeed she mentions these forms of relief only in

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

the statement of the case and conclusion sections of her brief. Accordingly, any challenge to the agency's denial of withholding of removal and CAT relief is deemed abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Similarly, Bian has waived any challenge to the IJ's adverse credibility determination. The IJ made an adverse credibility finding in his analysis of Bian's claim regarding her resistance to the family planning policy. Although the BIA did not explicitly discuss the IJ's adverse credibility finding, the BIA "adopt[ed] and affirm[ed] the decision of the Immigration Judge," which included the adverse credibility determination. Therefore, because this Court's review includes the IJ's entire decision, Bian's failure to challenge the adverse credibility finding is dispositive of her petition for review with respect to her family planning claim. *See Ming Xia Chen,* 435 F.3d at 144; *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

In addition, we find that no error in the agency's burden of proof finding regarding Bian's claim based on her religion. Bian failed to prove either that she suffered past persecution based on her religion, or that she would be targeted if forced to return, especially considering her testimony that she does not know whether the church she allegedly attended was registered and the absence of any claim by Bian that her family members, who remain in China and allegedly share her faith, have experienced harm on account of it. *See Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir.2000); *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, Bian's pending motion for a stay of removal in this petition is DISMISSED as moot.