SUMMARY ORDER

Petitioner Saeed Shahzad, a native and citizen of Pakistan, seeks review of the October 5, 2007 order of the BIA affirming the September 29, 2005 decision of Immigration Judge (“IJ”) Steven R. Abrams pretermitting Shahzad’s application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Saeed Shahzad, No. A95 959 972 (B.I.A. Oct. 5, 2007), affg No. A95 959 972 (Immig. Ct. N.Y. City Sept. 29, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA agrees with the IJ’s adverse credibility determination and emphasizes particular aspects of that decision without rejecting any of the IJ’s findings, we “will review both the BIA’s and the IJ’s opinions — or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA.” Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005) (per curiam). Furthermore, when the IJ’s decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also *49 Corovic v. Mukasey, 519 F.Sd 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As a preliminary matter, as Shahzad has not challenged the pretermission of his asylum application before this Court, or raised any argument regarding the denial of CAT relief, we deem those claims abandoned. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). Accordingly we will review only Shahzad’s challenge to the denial of his application for withholding of removal.
We find the agency’s adverse credibility finding is supported by substantial evidence. The agency properly supported its adverse credibility finding with material inconsistencies between Shahzad’s testimony and the documentary evidence in the record. The agency noted in particular an inconsistency in Shahzad’s testimony regarding his termination of employment with a pharmaceutical company in Pakistan. In the supplemental statement that accompanied his asylum application, Shahzad stated that he moved to Islamabad from his hometown in 1992 due to his fear of being attacked by members of Si-pah e Sahaba. He further stated that he remained there until he lost his job as a manager for a pharmaceutical company when the owner was threatened by Islamic fundamentalists who had learned of his employment there. Shahzad claimed that he fled to the United States later that year. However, on cross-examination, Shahzad testified that he resigned from his position with the pharmaceutical company after he went to the United States in 1999 because he did not want to return to Pakistan, and failed to mention the threats that were allegedly made to the owner of the company. When government’s counsel asked him if he was fired from the position, he replied that it was his choice to resign. When Shahzad was confronted with this discrepancy, he testified that the owner was threatened, but never asked him to resign, and repeated that he was the one who chose to resign because he was in the United States.
This discrepancy provides substantial evidence in support of the agency’s adverse credibility finding, where it was “substantial” when measured against the record as a whole. Secaida-Rosales v. INS, 331 F.3d 297, 308-09 (2d Cir.2003). Indeed, the discrepancy called into question Shahzad’s motivation for coming to the United States and the alleged mistreatment he received from the Islamic fundamentalists, and therefore whether his fear of persecution is subjectively and objectively reasonable. See Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir. 2004). Furthermore, the IJ was not required to credit Shahzad’s explanations for this discrepancy where no reasonable fact-finder would have been “compelled” to accept them. Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003) (per curiam).
The IJ also based his adverse credibility determination on Shahzad’s failure to corroborate his testimony regarding his termination from the pharmaceutical company, as well as any mistreatment he received from the Islamic fundamentalists since the single incident in 1990. As we have held, an applicant’s failure to corroborate his testimony may bear on his credibility because the absence of corroboration in general makes the applicant unable to rehabilitate testimony that has already been called into question. See Xiao Ji Chen v. U.S. Dept, of Justice, 471 F.3d 315, 341 (2d Cir.2006) (presenting the latter situation). Here, having already called Shahzad’s credibility into question, the IJ properly pointed to the absence of corroborating evidence as further support *50 for his adverse credibility determination. See id.
Because Shahzad failed to establish past persecution due to his not credible testimony, he was not entitled to the presumption of a likelihood of persecution. See 8 C.F.R. § 1208.16(b)(1). Furthermore, because the only evidence of a threat to Shahzad’s life or freedom depended on his credibility, the agency’s denial of withholding of removal was proper. Wu Biao Chen, 344 F.3d at 275.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).