Moreira v. Sessions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of February, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

ALLAN ROBERTO MOREIRA,

                  *Petitioner*,

          v.                                             16-743

JEFF SESSIONS, United States Attorney General,

                  *Respondent*.[1]

_____

Appearing for Petitioner:     H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, NY.

Appearing for Respondent:     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Papu Sandhu, Acting Assistant Director; Elizabeth K. Fitzgerald-Sambou, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Allan Roberto Moreira, a native and citizen of Ecuador, seeks review of a February 26, 2016, decision of the BIA, affirming a November 6, 2015, decision of an Immigration Judge ("IJ") ordering Moreira removed to Ecuador. *In re Allan Roberto Moreira*, No. A076 094 837 (B.I.A. Feb. 26, 2016), *aff'g* No. A076 094 837 (Immig. Ct. Batavia Nov. 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). Moreira raises only one issue: whether he derived citizenship from his father under 8 U.S.C. § 1431(a). We review this derivative citizenship claim de novo. *Morales-Santana v. Lynch*, 804 F.3d 520, 525 (2d Cir. 2015); *see also Ashton v. Gonzales*, 431 F.3d 95, 96–97 (2d Cir. 2005) (derivative citizenship claim reviewable despite jurisdictional limitation of 8 U.S.C. § 1252(a)(2)(C)).

Derivative citizenship is governed by the statute in effect at the time a petitioner claims to have fulfilled the last requirement for derivative citizenship. *Ashton*, 431 F.3d at 97. Moreira's citizenship claim is thus governed by 8 U.S.C. § 1431(a), which allows a child to derive citizenship from a parent who naturalizes provided that certain conditions are met. The parties dispute only whether Moreira met the requirement that lawful permanent residence status be obtained before the child turns 18. We conclude that he did not.

"[W]e begin with the language of the statute," and construe the text according to its "plain meaning." *Nwozuzu v. Holder*, 726 F.3d 323, 327 (2d Cir. 2013). Section 1431(a) provides as follows:

> A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
>
> (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
> (2) The child is under the age of eighteen years.
> (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431(a). Accordingly, as the statute explicitly provides, a child must fulfill all of these conditions to derive citizenship. Moreira did not meet these requirements. Although his father naturalized in 2003, when Moreira was 14, Moreira did not have lawful permanent resident status at that time or at any time while he was under 18. According to the plain meaning of Section 1431(a), a child can only derive citizenship while under 18. 8 U.S.C. § 1431(a)(2); *see also Ashton*, 431 F.3d at 98-99 (addressing former statute and requiring child to have met all

requirements before turning 18); *Langhorne v. Ashcroft*, 377 F.3d 175, 181 (2d Cir. 2004) (same).

Contrary to Moreira's reading of the statute, a "lawful admission for permanent residence" is a "term of art." *Nwozuzu*, 726 F.3d at 327-28 (emphasis omitted); *see* 8 U.S.C. § 1101(a)(20). A comparison of Section 1431(a) with the former derivative citizenship statute supports the conclusion that a pending application for lawful permanent resident status is insufficient. The former derivative citizenship statute provided that a child could derive citizenship by either having lawful permanent resident status or by "begin[ing] to reside permanently" in the United States following the custodial parent's naturalization. *Nwozuzu*, 726 F.3d at 327-29 (emphasis omitted). The fact that Congress omitted the "reside permanently" provision—a requirement which could be fulfilled by merely applying to adjust status, even if the application was not granted before the child turned 18—supports reading Section 1431(a)(3) to require an admission for lawful permanent residence while under age 18. *See id.* at 334 (holding that petitioner derived citizenship under Section 1432(a) because his application to adjust status, filed after his parents naturalized and while he was still 17, was "an objective and official manifestation of his intent to reside permanently in the United States."). Moreira did not become a permanent resident until November 2006, two months after his eighteenth birthday. Thus, he did not derive citizenship under Section 1431(a).

Because the statutory language is clear, we need not examine the legislative history. *Puello v. Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324, 331 (2d Cir. 2007). Further, the statements in the legislative history on which Moreira relies discuss the benefits of automatic acquisition of citizenship as opposed to the former certificate of citizenship application process; they do not address the statute's lawful permanent residence requirement and do not indicate that Congress intended for children who had not attained permanent resident status by age 18 to derive citizenship. *See, e.g.*, *Adopted Orphans Citizenship Act and Anti-Atrocity Alien Deportation Act: Hearing on H.R. 2883 and H.R. 3058 Before the Subcomm. on Immigr. & Claims of the H. Comm on the Judiciary*, 106th Cong. 1-2, 2000 WL 194371 (2000) (statement of Representative Lamar Smith, Chairman, H. Subcomm. on Immigr. & Claims).

We have considered the remainder of Moreira's arguments and find them to be without merit. Accordingly, for the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3