19-2488-ag
*Ramirez-Hernandez v. Garland*

BIA
Cohen, IJ
A202 128 957

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-two.

PRESENT:
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
MYRNA PÉREZ,
*Circuit Judges.*

---

**Iris Lorena Ramirez-Hernandez, AKA Iris Lorena Ramirez-De Hernandez,**

*Petitioner*,

v.                                                                    **19-2488-ag**

**Merrick B. Garland, United States Attorney General,**

*Respondent.*

---

FOR PETITIONER:        Stuart Altman, Esq., New York, NY.

FOR RESPONDENT:        Greg D. Mack, Senior Litigation Counsel, Song Park, Acting Assistant Director, Office of Immigration Litigation, *for* Ethan P. Davis, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **GRANTED** in part.

Petitioner Iris Lorena Ramirez-Hernandez, a native and citizen of Guatemala, seeks review of a July 17, 2019 decision of the BIA affirming a November 16, 2017 decision of an Immigration Judge ("IJ") denying Ramirez-Hernandez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Iris Lorena Ramirez-Hernandez*, No. A202 128 957 (B.I.A. Jul. 17, 2019), *aff'g* No. A202 128 957 (Immigr. Ct. N.Y.C. Nov. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision, e.g., minus the adverse credibility determination that the BIA did not affirm. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir. 2005) (assuming without determining credibility where the BIA declined to affirm an IJ's adverse credibility determination). We review questions of law de novo, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014), and findings of fact for substantial evidence, "treating the[se] [findings] as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,'" *id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

## I. Asylum and Withholding of Removal

We deny the petition as to asylum and withholding of removal. The agency did not err in its determination that Ramirez-Hernandez's proposed particular social group of "young Guatemalan women who refuse to be victims of violent sexual predation of gang members" was not cognizable because it lacked the requisite particularity. ROA at 4.

"To establish eligibility for asylum or withholding of removal, an applicant must show

persecution, or fear of persecution, on account of race, religion, nationality, *membership in a particular social group*, or political opinion." *Paloka*, 762 F.3d at 195 (emphasis added); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1)–(2). We review "*de novo* the legal determination of whether a group constitutes a 'particular social group.'" *Paloka*, 762 F.3d at 195. A proposed group is cognizable if it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 195 (deferring to this interpretation). "Particularity . . . 'require[s] inquiry into whether the group can be described in sufficiently distinct terms that it would be recognized, in the society in question, as a discrete class of persons.'" *Ordonez Azmen v. Barr*, 965 F.3d 128, 135 (2d Cir. 2020) (alteration in *Ordonez Azmen*) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214 (B.I.A. 2014)). To be sufficiently particular, the group "must not be amorphous, overbroad, diffuse, or subjective" and the "terms used to describe the group [must] have commonly accepted definitions in the society of which the group is a part." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239.

Ramirez-Hernandez has not established that the terms used to describe the social group "young Guatemalan women who refuse to be victims of violent sexual predation of gang members" have commonly accepted definitions in Guatemalan society. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 587 (2d Cir. 2021) (noting that the BIA, in controlling agency precedent *Matter of S-E-G-*, 24 I. & N. Dec. 579 (B.I.A. 2008), "declined to recognize as a particular social group persons who rejected or resisted membership in . . . gang[s] based on their own personal, moral, and religious opposition to the gang's values and activities, as well as their family members" (alterations in *Quintanilla-Mejia*) (internal quotation marks omitted)). While Ramirez-

Hernandez's violent encounters with gang members were undeniably horrific, based on this record, the group in which she claimed membership was not sufficiently particular to render her eligible for asylum relief because the country conditions evidence reflected widespread gang violence against all segments of Guatemalan society. *Cf. Matter of S-E-G-*, 24 I. & N. Dec. at 585 (concluding proposed group was not sufficiently particular because "there [was] no evidence in the record to show that gang members limit recruitment efforts to male children who fit the [proposed group] description, or do so in order to punish them for these characteristics").

Nor did Ramirez-Hernandez's experiences with domestic violence constitute persecution because of membership in a particular social group. In *Matter of A-R-C-G-*, the agency determined that "married women in Guatemala who are unable to leave their relationship" could constitute a cognizable particular social group because gender is an immutable characteristic and marital status can be immutable when, for religious, cultural, or legal reasons, an individual is unable to leave a relationship. 26 I. & N. Dec. 388, 392–93 (B.I.A. 2014). Ramirez-Hernandez likens her claim to *Matter of A-R-C-G-*, in which the applicant contacted Guatemalan police several times about her husband's abuse, but the police refused to interfere in a marital relationship. *Id.* at 389. Ramirez-Hernandez's claim, however, is distinguishable because she testified that her husband stopped abusing her in 2012 when she confronted him about it, she subsequently left the relationship, and she did not report the abuse. *See id.* at 390–93; *see also Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) ("[A]n applicant seeking to establish persecution based on [the] violent conduct of a private actor . . . must show that the government [1] condoned the private actions or [2] at least demonstrated a complete helplessness to protect the victims." (internal quotation marks omitted)).

**II.    CAT Protection**

We grant the petition and remand for further consideration of Ramirez-Hernandez's CAT

claim. The agency applied the wrong legal standard when it denied CAT relief premised "on the same factual basis as her asylum application—the persecution she allegedly suffered on account of her membership in a particular group." ROA at 65. To obtain CAT relief, Ramirez-Hernandez had the burden of showing that it was "more likely than not" that she would be tortured in Guatemala by or with the acquiescence of public officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Importantly, "[u]nlike asylum and withholding of removal, CAT relief does *not* require a nexus to a protected ground." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (emphasis added) (internal quotation marks omitted); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a).[1]

The Government acknowledges the agency's error but argues that remand would be futile. Remand is futile "a) when the IJ articulates an alternative and sufficient basis for her determination; b) when her reliance on the erroneous aspect of her reasoning is substantially tangential to her non-erroneous findings; or c) when overwhelming evidence in the record makes it clear that the same decision is inevitable on remand, or, in short, *whenever* the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors." *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019). But where, as here, the agency's decision rests exclusively on erroneous legal grounds, "we cannot substitute our judgment of what would be a more adequate or proper ground for a decision if the agency's decision did not rest on those grounds." *Diallo v. U.S. Dep't of Just.*, 548 F.3d 232, 235 (2d Cir. 2008) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). The agency made no findings regarding the Guatemalan

---

[1] We also note that, because a "CAT claim focuses solely on the likelihood that the alien will be tortured if returned to his or her home country, regardless of the alien's subjective fears of persecution or his or her past experiences," an applicant's "CAT claim may be established using different evidence and theories than the alien's [asylum and withholding of removal] claims." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir. 2004).

government's capacity and willingness to protect Ramirez-Hernandez from the gang members who threatened, attempted to rape, and stabbed her in the past or whether she was likely to face similar harm if forced to return to Guatemala.[2]

For the foregoing reasons, the petition for review is **DENIED** in part as to asylum and withholding of removal and **GRANTED** in part and **REMANDED** for further consideration of Ramirez-Hernandez's CAT claim. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] On remand, "[i]n assessing whether it is more likely than not that [Ramirez-Hernandez] would be tortured in [Guatemala], *all evidence* relevant to the possibility of *future* torture shall be considered, including, but not limited to . . . [e]vidence of gross, flagrant or mass violations of human rights within the country of removal[.]" 8 C.F.R. § 1208.16(c)(3) (emphasis added). Without addressing the merits of Ramirez-Hernandez's CAT claim, we note that the evidence here includes expert testimony and other country condition evidence documenting widespread violence against women, including gang-based violence, in Guatemala.